UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 24-CR-88

JAMES MORGAN, a/k/a "KARACTUS BLOME,"

    Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Richard G. Frohling, Acting United States Attorney for the Eastern District of Wisconsin, and John P. Scully, Assistant United States Attorney, and the defendant, James Morgan, individually and by attorney Jonathan Greenberg, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in an indictment alleging a violation of Title 18, United States Code, Section 229(a).

3. The defendant has read and fully understands the charge contained in the indictment. He fully understands the nature and elements of the crime with which he has been charged, and that charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the indictment set forth in full as follows:

*THE GRAND JURY CHARGES THAT:*

*On or about December 21, 2023, in the State and Eastern District of Wisconsin,*

*JAMES MORGAN, a/k/a "KARACTUS BLOME,"*

*knowingly retained, owned, and possessed, and attempted to retain, own, and possess a chemical weapon, namely precursors (calcium hypochlorite and hydrochloric acid), which when combined creates a toxic chemical, that is, chlorine and chlorine gas, not intended for peaceful, protective, unrelated military, and law enforcement purposes, as described in 18 U.S.C. § 229F(7).*

*In violation of Title 18, United States Code, Sections 229(a) and 229F.*

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

> *On December 21, 2023, government agents executed a search warrant at the defendant's storage unit, where they found bottles of calcium hypochlorite and hydrochloric acid. The defendant rented that unit beginning in July 2022, and paid rent on it through December 2023.*
>
> *The calcium hypochlorite that the defendant possessed was 99% purity, and the label noted that it was "for laboratory, manufacturing, and educational use only." The hydrochloric acid was 37% purity, and was marked "DANGER May be corrosive to metals. Causes severe skin burns and eye damage. May cause respiratory irritation." These two chemicals are precursors that combine to make chlorine and chlorine gas. Precursors to chlorine gas are chemical weapons, as defined by the relevant statute.*
>
> *In 2022 and 2023, the defendant attended UW-Whitewater, where he studied chemistry. When agents interviewed him on December 21, 2023, he said he loved the physical sciences, wanted to obtain a PhD in chemistry, and had a gift for chemistry. He previously made statements about being a chemistry major in college and a weapon designer, who knew what he was doing and did not really need a conventional weapon.*
>
> *In March 2020, the defendant recorded a video displaying the chemical precursors, which he said were for making "a lot of chlorine very quickly." He also discussed the use of chlorine gas as a weapon. In January 2022, Morgan texted: "Fuck, even with no*

2

MG42 [machine gun] right now, what I have is scary. And I don't mean just guns. I have two chemicals, totally legal, calcium hypochlorite and hydrochloric acid which when reacted together, produce a lot of chlorine gas very quickly. Just some classic WWI. Still can be effective if your enemy isn't ready for it." Later in that thread, Morgan mentioned using a generator indoors in the event of law enforcement entering his residence: "They kill your power and 20 guys charge in all at once and suddenly, it's like they're all just sleeping."

In April 2022, Morgan texted to an associate links showing where to purchase the precursors, and said: "1lb 99% Calcium Hypochlorite to 1 L 37% Hydrochloric acid is the ratio you want too so it works perfectly like that. 1 lb, 1 bottle. Lol crazy how that just works that way." He texted the same links to another individual and stated: "These two items are exactly the right amount to react completely to make a lot of chlorine gas really fast. 1 lb calcium hypochlorite to 1L 37% hydrochloric acid." In July 2022, Morgan visited multiple websites where one could purchase the chemicals.

On May 10, 2023, Morgan discussed with his girlfriend on Gab what he would do if 20 government agents entered his apartment, making the following statements:

- [2023-05-10 20:42:30 UTC] <RealJM1993> Or if it's goobermint coming for the guns...I have a different plan entirely. We'll defeat them without firing a single shot.

- [2023-05-10 20:45:48 UTC] <RealJM1993> If it's goobermint coming for the guns ... -throws you a gas mask- Get it on NOW! -reacts calcium hypochlorite with hydrochloric acid, producing a huge amount of chlorine in the confined space of the apartment- ... now watch. Goobermint like a bunch of retards is gonna do their fave strategy where 20 guys charge in all at once.

- [2023-05-10 20:49:00 UTC] <RealJM1993> Do you like that plan?

- [2023-05-10 20:53:45 UTC] <RealJM1993> Then once they haven't heard from or seen their strike team for a good minute, they're gonna be really scared. Lol

The FBI Laboratory, Scientific Response and Analysis Unit, analyzed the effect of mixing the precursor chemicals Morgan possessed—one pound of 99% calcium hypochlorite and one liter of 37% hydrochloric acid. The Lab estimated that combination would produce 145 liters of chlorine gas, which in an 800 square foot room, would generate a concentration of chlorine that could result in serious, long-lasting health effects, an impaired ability to escape, and even death. The report stated that the resulting chlorine would be a yellow/green noxious gas, visible and easily detected by smell. At those concentrations, serious pulmonary health effects would be likely to occur rapidly upon exposure.

3

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: any term of years and $250,000. The count also carries a mandatory special assessment of $100, and a maximum of five years of supervised release.

## ELEMENTS

7. The parties understand and agree that in order to sustain the charge of Possession of a Chemical Weapon, as set forth in the indictment, the government must prove each of the following propositions beyond a reasonable doubt:

First, that the defendant knowingly possessed a chemical weapon; and

Second, that the defendant's possession of the chemical weapon was not intended for any peaceful purpose.

## SENTENCING PROVISIONS

8. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

9. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

10. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4.

4

The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

11.  The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

12.  The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

13.  The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

5

### Base Offense Level

14. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 28 under Sentencing Guidelines Manual § 2M6.1(a)(2).

### Acceptance of Responsibility

15. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

16. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

17. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

18. The government agrees to recommend a sentence of 57 months' imprisonment. The parties agree to recommend that the defendant's sentence in this case run concurrent to the sentence he received in the Western District of Wisconsin (case number 24-CR-06).

## Court's Determinations at Sentencing

19. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

20. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

21. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

22. The defendant agrees to provide to the Financial Litigation Program (FLP) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLP during any period of probation or supervised release imposed by the court, a complete and

7

sworn financial statement on a form provided by FLP and any documentation required by the form.

## Fine

23. The parties agree to recommend to the sentencing court that no fine be imposed against the defendant.

## Special Assessment

24. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## Property Waiver

25. The defendant agrees to waive any ownership claim to, and sign the "Federal Bureau of Investigation Waiver of Ownership of Property" form (FD-1119) regarding, the precursor chemicals, calcium hypochlorite and hydrochloric acid.

## DEFENDANT'S WAIVER OF RIGHTS

26. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

8

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

27. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

28. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

29. The defendant knowingly and voluntarily waives all claims or objections he may have based upon the statute of limitations, venue, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of

9

this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

30. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction or sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statute or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statute or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

## Further Civil or Administrative Action

31. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## GENERAL MATTERS

32. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

33. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

34. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

35. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

36. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 3-12-25

JAMES MORGAN
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 3/13/25

JONATHAN GREENBERG
Attorney for Defendant

For the United States of America:

Date: 3/13/2025

RICHARD G. FROHLING
Acting United States Attorney

Date: 3/13/25

JOHN P. SCULLY
Assistant United States Attorney

13